STEVE K. WASSERMAN, ESQ. (Bar No. 58573)
skw@wassermanlawgroup.com
KATHRYN S. MARSHALL, ESQ. (Bar No. 175081)
ksm@wassermanlawgroup.com
**WASSERMAN LAW GROUP**
5567 Reseda Boulevard, Suite 330
Tarzana, California 91356
Telephone: (818) 705-6800
Facsimile: (818) 705-8926

Attorneys for NIGHTCAP CLOTHING, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NIGHTCAP CLOTHING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FOR LOVE AND LEMONS, LLC AND DOES 1 TO 10, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR** <br><br> **1. TRADEMARK INFRINGEMENT** <br> **2. TRADEMARK DILUTION** <br> **3. FALSE IMPRESSION OF ASSOCIATION; FALSE DESIGNATION OF ORIGIN and** <br> **4. UNFAIR COMPETITION** |

Nightcap Clothing, Inc., a California corporation ("Plaintiff" or "Nightcap"), alleges for its Complaint as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's famous, incontestable and federally registered trademark NIGHTCAP under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and for substantial and

1092349.1

COMPLAINT

related claims of unfair competition under California Business and Professions Code § 17200 et seq., all arising from Defendant's intentional, willful and unauthorized use of the mark NIGHTCAP in connection with the marketing, advertising, promotion, offering for sale and/or sale of Defendant's apparel and accessories.

## THE PARTIES

2. Plaintiff Nightcap Clothing, Inc. is a California corporation with its principal place of business in Los Angeles, California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant For Love And Lemons, LLC ("Defendant" or "FLL") is a California limited liability company with its principal place of business in Los Angeles, California.

4. Plaintiff presently does not know the true names and capacities of defendants Does 1 through 10, inclusive, and for that reason sues such Doe Defendants under fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's First through Third Claims for Relief pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a), as a civil action arising under any act of Congress relating to trademarks, as well as under the Lanham Act, 15 U.S.C. § 1121(a) and the Court has supplemental jurisdiction over Plaintiff's Fourth Claim for Relief, which arises under California state law, pursuant to 28 U.S.C. § 1367(a).

///
///

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) in that Defendant is a California limited liability company with its principal place of business in Los Angeles, California and venue is also proper in this District under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### a. **Plaintiff's Famous, Incontestable and Federally Registered NIGHTCAP Mark**

7. For over ten years, Plaintiff has designed, manufactured and sold high-end designer apparel and accessories under the NIGHTCAP mark. The concept behind Plaintiff's NIGHTCAP brand is clothing that is so comfortable that it can be worn from day into night, but stylish enough to last until the end of the day, when people might relax with a drink or "nightcap." Plaintiff has developed several signature styles, including a lace bell bottom pant, that consumers have come to associate with the NIGHTCAP brand. Nightcap's signature looks have been worn by celebrities on red-carpets and Nightcap's bohemian inspired lace dresses and lingerie are often featured on television shows and in magazines. Plaintiff has incurred significant time, energy, expense and creativity in developing a brand that is fresh, sophisticated and embraced by both Hollywood elite and fashion conscious consumers across the United States and the world.

8. Plaintiff owns an incontestable federal trademark registration for the NIGHTCAP log and mark in Class 25 (apparel) (Registration No. 3,370,664 issued on January 15, 2008).

9. Plaintiff owns a federal trademark registration for the NIGHTCAP mark in Class 25 (apparel) (Registration No. 4,541,926 issued on June 3, 2014).

WASSERMAN LAW GROUP
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91356

### B. Defendant's Infringing Uses of Plaintiff's Mark

10. Defendant FLL is a direct competitor of Plaintiff Nightcap and Defendant FLL has spent the last several years emulating Plaintiff's signature styles, including Plaintiff's lace bell bottom pant. Plaintiff's and Defendant's apparel and accessories are sold in the same retail stores, the companies attend the same trade shows (often in booths right next to each other), and both brands target the same customers. In August 2016, Defendant decided that it wasn't enough to just knock-off Nightcap's signature looks, Defendant shockingly also began infringing the NIGHTCAP mark in connection with Defendant's brand.

11. Without Plaintiff's permission or consent, Defendant FLL splashed the NIGHTCAP mark across the home page of its retail website in a font so large and prominent it completely obscured Defendant's FLL company name, as is shown in the below screenshot:



12. Defendant FLL also saturated its social media feeds with the NIGHTCAP mark and hash-tag #NIGHTCAP enticing Defendant's 2.4 million social media followers to shop NIGHTCAP with links to Defendant FLL's retail website. Some examples are below:

WASSERMAN LAW GROUP
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91356




13. In August 2016, Defendant FLL also sent a mass email blast to its retail customers and retail buyers announcing **"NIGHTCAP IS HERE"** with links directing the email recipients to Defendant FLL's retail website. The email subject-line appeared as follows:

> **From:** For Love & Lemons <info@forloveandlemons.com>
> **Date:** August 23, 2016 at 1:12:08 PM EDT
> **To:**
> **Subject:** **"NIGHTCAP" IS HERE!** Shop all new Skivvies!
> **Reply-To:** For Love & Lemons <info@forloveandlemons.com>

14. The harm to Plaintiff is direct and palpable. The social media posts and email blast which announce the arrival of NIGHTCAP have driven substantial traffic to Defendant FLL's retail website and have resulted in substantial retail sales and profits for Defendant FLL and lost sales to Plaintiff. Countless consumers and buyers have been confused by Defendant FLL's use of the NIGHTCAP mark. At recent trade shows, Plaintiff's principal has been approached by numerous retailer buyers inquiring about the Nightcap/FLL partnership, affiliation and/or co-branding. Given that NIGHTCAP has a co-branding deal with another major brand (FREE PEOPLE), it is not at all surprising that consumers and buyers are confused by Defendant FLL's unauthorized use of the NIGHTCAP mark.

15. Moreover, since Defendant FLL are direct competitors and Defendant FLL had full knowledge of Plaintiff's rights in the NIGHTCAP mark, Defendant FLL's infringement of the NIGHTCAP mark was a willful, concerted and calculated effort to trade off the name and good will of Plaintiff and increase sales by causing confusion. Defendant's conduct in using the NIGHTCAP mark constitutes trademark infringement, trademark dilution, and unfair trade practices in violation of federal and state laws. Plaintiff is entitled to an award of both damages and injunctive relief.

# FIRST CLAIM FOR RELIEF

## (Lanham Act - Federal Trademark Infringement 15 U.S.C. § 1114 Against All Defendants)

16. Plaintiff incorporates and realleges herein by this reference, Paragraphs 1 through 15, inclusive, as though set forth in full herein.

17. Plaintiff's federal registrations for the NIGHTCAP mark are incontestable, are inherently distinctive and/or have acquired secondary meaning designating Plaintiff as the source of all goods and/or services in the field of apparel/accessories.

18. Defendant is not, and was never, authorized nor licensed by Plaintiff to use the NIGHTCAP mark in any manner whatsoever.

19. Defendant's use of the NIGHTCAP mark has already and is likely to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship.

20. Unless an injunction is issued enjoining any continuing or future infringing use of the NIGHTCAP mark by Defendant, such continuing or future use is likely to continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship, and thereby irreparably damage Plaintiff.

21. As a direct and proximate result of Defendant's infringing use, Plaintiff has been damaged and will continue to be damaged. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys fees and costs of the action

under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post judgment interest.

22. Defendant's conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages against Defendant.

23. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Lanham Act - Federal Trademark Dilution 15 U.S.C. § 1125(c) Against All Defendants)

24. Plaintiff incorporates and realleges herein by this reference, Paragraphs 1 through 23 inclusive, as though set forth in full herein.

25. Plaintiff's NIGHTCAP mark has become famous, and has become distinctive of Plaintiff and its services in the mind of the relevant consuming public.

26. Defendant's use of the NIGHTCAP mark occurred long after Plaintiff's NIGHTCAP mark became famous, and has caused and will continue to cause dilution of the distinctive quality of Plaintiff's NIGHTCAP mark.

27. Plaintiff is informed and believes, and thereon alleges, that Defendant, in using the NIGHTCAP mark, willfully intended to trade on Plaintiff's reputation and diminish the capacity of Plaintiff's NIGHTCAP mark to identify and distinguish Plaintiff's goods, thereby causing dilution of Plaintiff's NIGHTCAP mark.

28. As a direct and proximate result of Defendant's unlawful activities, Plaintiff has been damaged, and will continue to be damaged, by Defendant's dilution of Plaintiff's NIGHTCAP mark. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post judgment interest.

29. Defendant's conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. §§ 1125(c)(2) and 1117(a), Plaintiff is entitled to an award of treble damages against Defendants.

30. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

**(Lanham Act - False Designation of Origin and False Impression of Association - 15 U.S.C. § 1125(a) Against All Defendants)**

31. Plaintiff incorporates and realleges herein by this reference, Paragraphs 1 through 30, inclusive, as though set forth in full herein.

32. Plaintiff is informed and believes, and thereon alleges, that Defendant intended to, and did, confuse and mislead the public, and did represent and create the false impression that Plaintiff somehow authorized, originated, sponsored, approved, licensed or participated in the creation of Defendant's infringing use of the NIGHTCAP mark.

33. In fact, there is no connection, association or licensing relationship between Plaintiff, on the one hand, and Defendant, on the other. Plaintiff has not authorized, licensed or given permission to Defendant to use the NIGHTCAP mark in any manner whatsoever.

34. Thus, Defendant has created, and will continue to create, a false impression concerning the association between Plaintiff and Defendant, a false designation of the origin of Defendant's goods and/or services and confusion as to the connection among the respective parties.

35. As a direct and proximate result of Defendant's creation of a false impression of association between Plaintiff and Defendant's, and Defendant's creation of a false designation of the origin of Defendant's goods and/or services, Plaintiff has been damaged and will continue to be damaged. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post judgment interest..

36. Defendant's conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages against Defendant.

37. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

///
///

## FOURTH CLAIM FOR RELIEF

## (Unfair Competition - California Business & Professions Code § 17200, et seq. Against All Defendants)

38. Plaintiff incorporates and realleges herein by this reference, Paragraphs 1 through 638, inclusive, as though set forth in full herein.

39. Defendant's acts constitute unlawful, unfair and fraudulent business practices and misleading advertising pursuant to California Business & Professions Code § 17200, et seq.

40. Plaintiff has been damaged and will continue to be damaged by Defendant's unlawful, unfair and fraudulent business practices and misleading advertising, as described above.

41. Plaintiff is entitled to an injunction prohibiting Defendant from continuing the practices described above and restitution of all amounts acquired by Defendant by means of such wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c));

2. That Defendant has violated California Business and Professions Code § 17200 et seq.;

3. Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. selling, marketing, advertising, promoting or authorizing any third party to sell, market, advertise or promote Defendant's goods under the NIGHTCAP mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Plaintiff's NIGHTCAP mark;

    b. engaging in any activity, including social media post or email blasts, that infringes Plaintiff's rights in its NIGHTCAP mark;

    c. engaging in any activity constituting unfair competition with Plaintiff;

    d. engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's NIGHTCAP mark;

    e. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff of Plaintiff's NIGHTCAP mark or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

    f. using or authorizing any third party to use in connection with any business, goods or services any false description, false

representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

    g.    registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the mark NIGHTCAP or any other mark that infringes or is likely to be confused with Plaintiff's NIGHTCAP mark, or any goods or services of Plaintiff as their source; and

    h.    aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

5. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the mark NIGHTCAP or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's NIGHTCAP mark, and to direct all distributors, retailers, wholesalers and other

individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the mark NIGHTCAP or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's NIGHTCAP mark, and to immediately remove them from public access and view.

6. Directing that Defendant recall and deliver up for destruction all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays and related materials incorporating or bearing the mark NIGHTCAP or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of Plaintiff's NIGHTCAP mark.

7. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

///
///
///

1092349.1
14
COMPLAINT

9. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

DATED: December 16, 2016

**WASSERMAN LAW GROUP**
STEVE K. WASSERMAN, ESQ.
KATHRYN S. MARSHALL

By: /s/*Kathryn S. Marshall*
KATHRYN S. MARSHALL
Attorneys for NIGHTCAP CLOTHING, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided in Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: December 16, 2016

**WASSERMAN LAW GROUP**
STEVE K. WASSERMAN, ESQ.
KATHRYN S. MARSHALL

By: /s/Kathryn S. Marshall
    KATHRYN S. MARSHALL
Attorneys for NIGHTCAP CLOTHING, INC.